# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| EVELYN FAYE HENNING,<br><br>　　　　　Plaintiff,<br>vs.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>　　　　　Defendant. | No. C 12-3042-MWB<br><br>**ORDER REGARDING PLAINTIFF'S<br>MOTION FOR ATTORNEY'S FEES** |

## I.　　INTRODUCTION

This case is before me on plaintiff Evelyn Henning's (Henning's) motion for attorney's fees, which she filed on August 26, 2013 (docket no. 19). Henning's application follows my August 22, 2013, order in which I accepted Judge Strand's Report and Recommendation, reversed the Commissioner of Social Security's (the Commissioner's) decision denying Henning disability benefits, and remanded Henning's claim to the Commissioner for further consideration (docket no. 17). The Clerk entered judgment in favor of Henning on August 22, 2013 (docket no. 18).

In her motion, Henning requests $6,704.51 in attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). In support of her application, Henning submits (1) an itemized billing record documenting the hours that Henning's attorney, Ruth Carter (Carter), spent working on the case, and (2) the consumer price index (CPI) tables used in calculating cost-of-living adjustments to Henning's attorney's fees (docket no. 19).

The Commissioner filed a response to Henning's motion on September 6, 2013, in which she noted that "[d]efendant and plaintiff reached a settlement for an EAJA fee payment of $6,500.00" (docket no. 20, at 1). Thus, it appears the parties agree that a $6,500.00 award is appropriate in this case. The Commissioner "requests that . . . [the] EAJA fee of $6,500.00 [] be made payable to [Henning], but mailed to [Henning's] counsel's address," consistent with *Astrue v. Ratliff*, 560 U.S. 586, 130 S. Ct. 2521 (2010) (docket no. 20, at 1).

## II. ANALYSIS

"[F]ees and other expenses" may be awarded to a "prevailing party" in a Social Security appeal under the EAJA, "unless the court finds that the position of the United States was *substantially justified* or that *special circumstances* make an award unjust." 28 U.S.C. § 2412(d)(1)(A) (emphasis added). For purposes of this subsection, "fees and other expenses" include "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A) (emphasis added). In order to obtain an award, the party must apply for the award "within thirty days of final judgment in the action" and "allege that the position of the United States was not substantially justified." 28 U.S.C. § 2412(d)(1)(B). A "final judgment" is "a judgment that is final and not appealable . . . ." 28 U.S.C. § 2412(d)(2)(G). A judgment against the Commissioner is no longer appealable after 60 days. Fed. R. App. P. 4(a)(1)(B)(iii) ("The notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is . . . a United States officer or employee sued in an official capacity[.]"). Thus, a judgment against the Commissioner becomes final 60 days after the Clerk enters that judgment.

If attorney's fees are appropriate, the reasonable hourly rate for such fees is set by statute at $125, "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the

proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii); *see Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990) (holding that "where . . . an EAJA petitioner presents uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75 per hour [(the applicable statutory amount in the case)], enhanced fees should be awarded.").

Here, the parties do not dispute, and I find, that Henning is a prevailing party. I also find that the position of the United States was not substantially justified because the Commissioner, who bears the burden of proving substantial justification, does not claim that her position was substantially justified and instead agrees that Henning should receive an EAJA award. *See Herman v. Schwent*, 177 F.3d 1063, 1065 (8th Cir. 1999) (noting that the Commissioner bears the burden of proving substantial justification). I find that the settlement award under the EAJA is just and appropriate; $6,500.00 is reasonable for 36.31 hours of work by Carter (docket no. 19, at 7) (noting that Carter worked 36.31 hours on the case). I therefore grant Henning's motion for attorney's fees, but only for the settled amount of $6,500.00. In *Ratliff*, the United States Supreme Court held that the EAJA entitles a prevailing social security plaintiff, not her attorney, to receive statutory attorney's fees. 130 S. Ct. at 2529. Thus, I find that Henning's award must be payable directly to Henning.

### III. CONCLUSION

**THEREFORE,** Henning's motion for attorney's fees under the EAJA (docket no. 19) is **granted**, but only as to the settled amount of $6,500.00. I award Henning $6,500.00 in attorney's fees under the EAJA, which is subject to offset for any debts Henning may owe to the United States. The fee award shall be paid by the Social Security Administration. *See* 28 U.S.C. § 2412(d)(4) ("Fees and other expenses awarded under this subsection to a party shall be paid by any agency over which the party prevails from any funds made available to the agency by appropriation or

otherwise."). If consistent with the Commissioner's and the Department of Treasury's practice, the EAJA payment may be mailed to Henning's attorney, Carter. *See, e.g.*, *Theis v. Astrue*, 828 F. Supp. 2d 1006, 1011 (E.D. Ark. 2011) (directing that EAJA "award be made payable to the plaintiff . . . and mailed to [plaintiff's attorney], pursuant to the Commissioner's standard method of issuing payment").

**IT IS SO ORDERED**.

**DATED** this 8th day of November, 2013.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA